862 F.2d 361
 274 U.S.App.D.C. 134
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Reggie COLE, a/k/a Earl Smith, Appellant.
 No. 88-3022.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 30, 1988.
 
 Before WALD, Chief Judge and MIKVA and SENTELLE, Circuit Judges.
 
 JUDGMENT
 
 1
 This cause came on to be heard on an appeal from the United States District Court for the District of Columbia and was argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See: D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by this court that the judgment of the District Court from which this appeal has been taken is affirmed.
 
 
 3
 It is ORDERED, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15.
 
 MEMORANDUM
 
 4
 Defendant Reggie Cole appeals from the judgment of conviction for one count of possession with intent to distribute cocaine, a violation of 21 U.S.C. Sec. 841(a). He attacks the conviction on two bases, first that the district judge should have charged on the lesser included offense of possession of cocaine, and second that the prosecutor made inflammatory arguments to the jury. After reviewing the record, we conclude that the first argument is without merit. As to the second, we agree that the Assistant U.S. Attorney prosecuting the case made improper arguments but hold that the impropriety does not warrant reversal for the reasons set out below. Therefore, we affirm.
 
 
 5
 * Appellant's first claim of error is based on the general rule "that a lesser included offense instruction should be given 'if the evidence would permit a jury to rationally find [a defendant] guilty of the lesser offense and acquit him of the greater.' " Hopper v. Evans, 465 U.S. 605, 612 (1982) (quoting Keeble v. United States, 412 U.S. 205, 208 (1973)). However, that rule does not apply to the facts of this case. Here the government's evidence was to the effect that appellant was in possession of a plastic bag. Appellant contested the fact of possession. The parties stipulated that the bag in question contained 141 vials of 97% pure cocaine base and that the total weight of the cocaine in the vials was 15,034 mg. The government's uncontested evidence was that possession of this quantity of cocaine was grossly inconsistent with personal use since non-dealer users do not obtain more than one or two vials at a time because of the impossibility of knowing in advance the quality of drugs purchased, the possibility that the seller might cheat the buyer by providing a worthless substance, and the high cost of the drug.
 
 
 6
 Thus, the only factual dispute was as to whether or not appellant was in possession of the vials. If the jury was convinced of that element beyond a reasonable doubt, no factual dispute remained as to the question of whether that possession constituted the greater offense of possession with the intent to distribute or the lesser offense of simple possession. " 'A general denial of guilt, or purely exculpatory evidence is insufficient to give rise to a genuine conflict over which of two or more offenses might have been committed.' " United States v. Thornton, 746 F.2d 39, 48 (D.C.Cir.1984) (quoting Ettinger, In Search of a Reasoned Approach to the Lesser Included Offense, 50 Brooklyn L.Rev. 191, 210 (1984)). In this case, the general denial and exculpatory evidence constituted the entire defense. As we recently held, a trial court does not commit error by failing to give a lesser included offense instruction "first, where the defenses offered at trial are purely exculpatory, and if believed would lead only to acquittal; and second, where the evidence is such that the jury could not rationally find the defendant guilty of the lesser offense." United States v. Payne, 805 F.2d 1062, 1066 (D.C.Cir.1986). The facts of the present case meet both of these criteria and there is no error in the district court's refusal to charge on the lesser included offense.
 
 II
 
 7
 Appellant also argues that the Assistant United States Attorney prosecuting the case in the trial court engaged in prosecutorial misconduct by certain inferences he drew in his closing statement to the jury and by certain potentially inflammatory references in that same argument. While we agree that some of the prosecutor's jury argument would have been better left unsaid, we do not agree that reversal is warranted on that basis.
 
 
 8
 While the facts of this case are simple and do not warrant extensive review, some brief review of the evidence is necessary to an understanding of the context of the arguments involved. The government's chief witness, Sgt. Packard of the Metropolitan Police Department, testified that he drove into an alley where he saw appellant and a Mr. Ware sitting on a wall. As Mr. Cole stepped away from the wall, Packard saw him take the plastic bag later found to contain cocaine base from his pocket and drop it on the ground. Packard wished to allow his case a chance to grow stronger and stayed in the alley, observing Cole and Ware under a ruse related to an illegally parked vehicle. He saw Cole and Ware arguing. He saw Cole walk back toward the place where he had dropped the bag, stoop toward it, look toward Sgt. Packard (who was in uniform), and straighten back up without retrieving the bag. Shortly thereafter, a tow truck operator arrived and, with his assistance, Packard made the arrest.
 
 
 9
 In his argument, the prosecutor related the above and other evidentiary facts and then went on to draw inferences as to hypothetical arguments going on between Ware and Cole as to who had to retrieve the drugs. He also speculated as to Cole's thoughts and motives at the time. Appellant contends that this argument was improper and not supported by the evidence.
 
 
 10
 It is generally accepted that it is not improper for a prosecutor to argue that a defendant had a particular state of mind where the argument is reasonably supported in the evidence. Cf. United States v. Rothrock, 806 F.2d 318, 323 (1st Cir.1986) (permissible for government to argue that defendant must have realized that he was underreporting income based on facts regarding lifestyle); United States v. Silva, 745 F.2d 840, 850-51 (permissible to argue that defendant had specific intent based on circumstantial evidence in the record), cert. denied, 470 U.S. 1031 (1975). The argument in the present case is no more than that. If there was any impropriety, the trial court quite properly instructed the jurors
 
 
 11
 [T]he arguments of lawyers for both sides are not evidence in the case. It is (sic) merely their interpretation of evidence and they are there to advocate for their particular side of the case, to assist the jury. But it is your recollection of the evidence, and if it disagrees with the statements of either of these lawyers, then you don't have to accept their version of the testimony because you are the judges of the facts.
 
 
 12
 See United States v. Caldwell, 543 F.2d 1333, 1363 (D.C.Cir.1974) (commending such an instruction as prudent in parallel circumstances). Thus, this line of argument affords no basis for a conclusion of prosecutorial misconduct, let alone necessity for reversal.
 
 
 13
 However, other arguments by the prosecutor are not so easily defended. Cole contends with some justification that the prosecutor in fact advocated the bogus principle of "guilt by association" by rhetorically asking the jury: "what kind of people are these back in the alley in a drug area ... are these law abiding people? Are these people who respect the law?" (Tr. II:67.) The government argues that the prosecutor's reference to the high crime area was not an attempt to suggest that the appellant was guilty because he was in "a drug area" but was merely setting the stage for the events comprising the evidence of guilt.
 
 
 14
 The government's argument might be credible had the prosecutor made one such statement. In fact, though, the quoted statement is the seventh reference in a short jury argument to "an area where ... they had problems with drugs," or "they had arrests for drugs in that area," or "so high narcotics area," and others of like kind. This hardly seems necessary to scene-setting.
 
 
 15
 However, Cole's trial counsel made no objection to any of the references. In United States v. Young, 470 U.S. 1 (1985), the Supreme Court held that improper prosecutorial remarks in closing argument amount to plain error only if they "undermine the fundamental fairness of the trial and contribute to a miscarriage of justice." Id. at 16. Given the strength of the present case, with an eyewitness testifying to the possession of the drugs, and the conceded fact that the jury was out for a period well under an hour,[1] we cannot find the sort of plain error that would cause us to reverse this case in the absence of a contemporaneous objection. See United States v. Bell, 506 F.2d 207, 226 (D.C.Cir.1974).
 
 
 16
 While we do not find in this case that the prosecutor's improper arguments contributed to a miscarriage of justice, we are nonetheless alarmed that the legal representative of the United States so readily risked such a miscarriage. We would remind the United States Attorney's Office that this sort of conduct could in some future case result in the overturning of an otherwise valid conviction and, more importantly, could invite a guilty verdict from an inflamed jury in the absence of proof of guilt beyond a reasonable doubt. For the reasons set forth above, we will affirm this conviction, but we would suggest to the attorneys for the United States a frequent repair to the advice of Mr. Justice Sutherland in Berger v. United States, 295 U.S. 78 (1935)
 
 
 17
 The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution, is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor--indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.
 
 
 18
 Id. at 88.
 
 
 19
 Nonetheless, the present conviction is affirmed.
 
 
 
 [1]
 Arguably in some other cases short deliberation might support a view that the jury acted in a highly inflamed fashion. Given the strong evidence in this case, we think no such conclusion is warranted and rather that it underlined the Government's already strong case